■ In the Matter of FRANK A. VESEY, Respondent, v. CITY OF NEW YORK CITY RENT AND REHABILITATION ADMINISTRATION, Appellant.— Order, entered on April 26, 1966, annulling the Rent Administrator's determination and remanding the matter to him for a determination of such increases as may be appropriate on the over-all record, unanimously reversed, on the law and on the facts, with $50 costs and disbursements to appellant and petition dismissed. The Rent Administrator revoked building-wide rent increases previously granted following an application pursuant to the 6% net return provision of the residential rent law. Such revocation was based upon the Administrator's finding that "in 1961 the landlord * * * had submitted fraudulent documents which formed the basis for the granting of the rent increases". The Administrator's power to reopen proceedings and to revoke or modify orders already issued, where he learns that they were based on illegality, irregularity or fraud is clear. (Administrative Code of City of New York, § Y51-5.0, subd. b; § Y51-5.0, subd. g, par. [1]; § Y51-5.0, subd. h, par. [1]; Rent, Eviction and Rehabilitation Regulations, § 88, subd. a.) The proven fraud in this matter, which amounted to approximately .7 of 1% of the claimed annual operating expenses of the subject building, together with the other apparent irregularities and actions of the respondent landlord, form a reasonable basis for the Administrator's determination. (*Matter of Lucot, Inc.* v. *Gabel*, 20 A D 2d 94.) In the last-cited case (at p. 97) this court stated: "If the Administrator finds an application to be tainted with fraud she need not be burdened with the task of segregating the true from the false * * * an applicant can hardly complain if the Administrator refuses to assume this additional task where it is found that the applications are tainted by deliberate fraud." (See, also, *Martine Associates* v. *Herman*, 20 A D 2d 566.) Concur — Botein, P. J., Breitel, Stevens and Capozzoli, JJ.